LOTTINGER, Judge.
This is a tort action instituted by Bur-dette Paul, individually and on behalf of his 18 year old daughter, Cynthia Paul, wherein damages are sought for injuries received by the latter on October 17, 1962. Originally made defendants were Maurice E. Singletary, father of the unemancipated minor, Brenda' Singletary, who was the driver of the car which caused the injury, State Farm Mutual Automobile Insurance Company, liability insurer of Mr. Single-tary, and American Motorists Insurance Company, liability insurer of the automobile which was being operated by Brenda Sin-gletary at the time of the accident.
Following the filing of an answer by Singletary and American Motorists wherein insurance coverage was admitted, State Farm filed a motion to be released as a party defendant which was granted. The case was then tried on its merits following which judgment was rendered in favor of the plaintiff from which judgment the defendant American Motorists Insurance Company has appealed.
While there are some discrepancies as to rather minor issues of fact, the record reflects the following facts which are all that need be looked to in order to arrive at a clear decision of the rather simple issue presented.
The accident giving rise to this suit occurred in the parking lot of the Bogalusa High School. On the morning of the accident, Brenda Singletary had driven the insured vehicle to school, parked in the lot and attended classes. At approximately 3 o’clock in the afternoon, when classes had been dismissed, Brenda went to the parking lot and got into the insured vehicle preparatory to leaving. After proceeding only a matter of apparently a few feet, she ran over and caused the front bumper of her automobile to become engaged on an iron post some 24 inches in height and one of many used at the school to delineate the boundaries of the parking lot. As a result of becoming so lodged, the vehicle could not be backed off of the post without being raised so as to clear same. After ascertaining this fact, Miss Singletary requested the assistance of one Dickie Purvis, one of her classmates. The latter set about to render assistance, and while so doing, the plaintiff’s daughter, Cynthia Paul, arrived at the scene and becoming aware of the situation, voluntarily attempted to assist by lifting the bumper. In the process of their attempts to lift the automobile, Miss Paul’s right ring finger was injured when it was mashed between the post and the bumper.
The plaintiff’s position is that Miss Sin-gletary was guilty of negligence by starting the motor and backing knowing of Cynthia’s position and failing to give warning of her actions. The defendants deny negligence on the part of Miss Singletary and alternatively plead Cynthia Paul’s negligence, contributory negligence and assumption of risk as defenses.
We think without question that Brenda Singletary was entirely free from negligence. From the photographs introduced into evidence, it is obvious that it was im *845 possible for her to see any more than the fact that Cynthia Paul was stooping to assist in lifting the bumper. She could not tell and had no reason to believe that the other young lady had placed her finger in a position of peril directly between the bumper and the post. By the same token, we feel that the sole cause of the accident was the negligence of the plaintiff’s daughter in placing her hand in such a position that she knew or should have known that the hand could be injured. Miss Paul was attempting to help in releasing the automobile. Quite obviously this could be done by the vehicle proceeding in only one direction which was backwards. Clearly, therefore, she was negligent in placing her hand between the bumper and the post knowing or should having known that the vehicle, when lifted, would have to be moved backwards in order to effect its release either by power or otherwise.
The accident having been caused by the negligence of plaintiff’s daughter, recovery must necessarily be denied him.
For the reasons assigned, the judgment appealed from is reversed and the plaintiff’s suit dismissed at his costs.
Judgment reversed.